UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

TRAVIS DICKERSON,

        Plaintiff,

        v.                                           Case No. 22-cv-1432-bhl

MILWAUKEE COUNTY, et al.,

        Defendants.

---

## SCREENING ORDER

---

Plaintiff Travis Dickerson, who is currently incarcerated at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Dickerson's motion for leave to proceed without prepayment of the filing fee, motions to appoint counsel, and to screen the complaint. Dkt. Nos. 1-2, 5, & 10.

### MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Dickerson requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Dickerson has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $30.24. Therefore, the Court will grant Dickerson's motion for leave to proceed without prepaying the filing fee.

## SCREENING OF THE COMPLAINT

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Dickerson is currently incarcerated at the Milwaukee County Jail. Dkt. No. 1. Defendants are Milwaukee County, Milwaukee County Jail, and Correctional Officer Thomas. *Id*.

Between March 5, 2022 and May 28, 2022, CO Thomas randomly confiscated Dickerson's incoming and outgoing legal mail on at least four different occasions. Dkt. No. 1 at 2-3. On March 5, 2022, Thomas confiscated an incoming piece of legal mail from the Milwaukee County Circuit Court Clerks' office. *Id*. at 2. On April 4, 2022, Thomas confiscated an incoming piece of legal mail from the Federal District Court for the Eastern District of Wisconsin Clerks' office. *Id*. On April 19, 2022, Thomas confiscated an incoming piece of legal mail from the Hailing & Cayo Law Offices. *Id*. And on May, 27 2022, Thomas confiscated two outgoing pieces of legal mail, first, to the State Bar of Wisconsin Office of Lawyer Regulation, and second, to the Milwaukee County Sheriff's Office. *Id*. at 3. Dickerson states that he discovered the issue regarding confiscation of his legal mail when he requested a copy of his "mail log" on May 2, 2022. *Id*. at 2.

On October 17, 2022, CO Thomas conducted a "thermal room search inspection." *Id*. at 8. During the search, she confiscated the following items: toothpaste, batteries, blueprints of a business plan, computer graphic designs, and an "architect blueprint" of an estate worth thousands of dollars. *Id*.

In December 2022, two pieces of Dickerson's outgoing legal mail to the U.S. District Court Clerk's Office, and one piece of Dickerson's incoming legal mail from the Clerk of Courts, were confiscated. Dkt. No. 10-2. For relief, Dickerson seeks monetary damages. Dkt. No. 1 at 9.

3

# THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Inmates have a First Amendment right to send and receive mail. *Kaufman v. McCaughtry*, 419 F.3d 678, 685-86 (7th Cir. 2005) (citing *Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999)). Prison regulations that restrict the right to send and receive mail are valid if they reasonably relate to a legitimate penological interest. *See Turner v. Safley*, 482 U.S. 78, 89-90 (1987). To determine reasonableness, the Court considers whether there is a valid, rational connection between the prison's objective and the regulation; whether alternative means of exercising the right are available; whether accommodating the asserted right unduly impacts the prison's resources; and whether obvious, easy alternatives exist to accommodate the prisoner's rights. *Id.*

An inmate has even greater rights with respect to *legal* mail. *See Guajardo-Palma v. Martinson*, 622 F.3d 801 (7th Cir. 2010). The law recognizes stronger protections for legal mail to protect an inmate's right of access to the courts and the right to communicate with attorneys. *Id.* at 803-806. Accordingly, officials may inspect legal mail for contraband, but they must do so in the presence of the inmate. *Id.* This carefully balanced approach protects the institution's legitimate penological interest in stopping contraband against a prisoner's Constitutional rights to access the courts and communicate with counsel. *Id.*

Dickerson alleges that CO Thomas has been randomly confiscating his legal mail instead of inspecting it in his presence. He states that this has been hindering his civil and criminal cases in both Federal court and state court and it is hindering his access to his lawyers. Based on these

4

allegations, the Court can reasonably infer that CO Thomas may be unnecessarily interfering with Dickerson's ability to prosecute his cases and confer with his attorneys. Further, because Dickerson has identified at least five different incidents when this has occurred, the Court can also reasonably infer that Milwaukee County may have "a widespread practice" of violating inmates' First Amendment rights and/or that it failed to adequately train its employees on the handling of inmate legal mail. *See Monell v. Dep't of Social Serv's of City of New York*, 436 U.S. 658 (1978); *see Waters v. City of Chi.*, 580 F.3d 575, 581 (7th Cir. 2009) (To state a *Monell* claim, Plaintiff must allege: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice that is so permanent and well-settled that it constitutes a custom or practice; or (3) an allegation that the constitutional injury was caused by a person with final policymaking authority."); *see also Glisson v. Indiana Dep't of Corr.,* 849 F.3d 372, 378-79 (7th Cir. 2017). Therefore, Dickerson may proceed on a First Amendment claim against CO Thomas, and a *Monell* and/or failure to train claim against Milwaukee County, in connection with confiscation of his legal mail at the Milwaukee County Jail.

But Dickerson cannot proceed with a First Amendment claim against the Milwaukee County Jail. The jail is a building, not a "person" capable of being sued under §1983. *See Smith v. Knox Cty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012).

The Court will also dismiss at screening Dickerson's other claims. The law is settled that an inmate has no reasonable expectation of privacy in jail, so Dickerson does not have a Fourth Amendment claim with respect to CO Thomas allegedly conducting a "thermal room search inspection." *See Hudson v. Palmer,* 468 U.S. 517 (1984) (holding that a convicted prisoner has no reasonable expectation of privacy in his prison cell entitling him to protection against unreasonable searches); *see Johnson v. Phelan*, 69 F.3d 144 (7th Cir. 1995) (extending *Hudson* to

5

pretrial detainees); *see* also *Henry v. Hulett*, 969 F.3d 769 (7th Cir. 2020) (overruling *Hudson* and *Johnson* "in a severely limited way" on the very narrow issue of bodily privacy.)

Dickerson also does not have a Fourteenth Amendment deprivation of property claim in connection with the alleged confiscation of his toothpaste, batteries, blueprints of a business plan, computer graphic designs, and architect blueprint of an estate allegedly worth thousands of dollars. The Fourteenth Amendment prohibits the State from depriving an individual of life, liberty, or property without due process of law. U.S. Const. amend. XVI. "[U]sually... the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *Zinermon v. Burch*, 494 U.S. 113, 127 (1990). But the United States Supreme Court has drawn an exception to this general rule for "random and unauthorized" deprivations of property because the State cannot be required to do the impossible by providing pre-deprivation process for an act done randomly and without authority, which the State could not have predicted ahead of time. *Id*. (citing *Parratt v. Taylor*, 451 U.S. 527, 541 (1981). Random and unauthorized deprivations of property are cured with post-deprivation remedies in state court. *Id*. Indeed, when the State provides adequate post-deprivation remedies, "the requirements of due process are satisfied[,] and the plaintiff may not maintain a § 1983 suit in federal court." *Wilson v. Civil Town of Clayton, Ind*., 839 F.2d 375, 383 (7th Cir. 1988) (citing *Parratt,* 451 U.S. at 543–44). Wisconsin state law has tort remedies for those whose personal property has been converted, damaged, or stolen by another. *See* Wis. Stat. §893.35 (action to recover personal property); *see* Wis. Stat. §893.51 (action for wrongful taking of personal property); *see* Wis. Stat. §893.52 (action for damages for injury to property). Accordingly, to the extent anyone has wrongfully seized his property, Dickerson has adequate post-deprivation remedies under Wisconsin state law and he fails to state a claim for such confiscations under the Fourteenth Amendment.

## MOTIONS TO APPOINT COUNSEL

Dickerson also filed two motions to appoint counsel. Dkt. Nos. 5 & 10. He states that "litigating civil law is not one of my strong areas" and that the jail is confiscating a lot of his incoming and outgoing legal mail, so he may not be able to respond to Court orders. Dkt. No. 10.

In a civil case, the Court has discretion to recruit a lawyer for an individual who cannot afford to hire one. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. §1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). In exercising its discretion, the Court must consider two things: "(1) 'has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so,' and (2) 'given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Pennewell v. Parish,* 923 F.3d 486, 490 (7th Cir. 2019) (quoting *Pruitt v. Mote*, 503 F.3d 647, 653 (7th Cir. 2007)).

To satisfy the first prong, the Court must determine that a plaintiff made a good faith effort to hire counsel. *Pickett v. Chicago Transit Authority,* 930 F.3d 869, 871 (7th Cir. 2019). To do so, the plaintiff must show he contacted at least three lawyers and provide the Court with (1) the lawyers' names; (2) their addresses; (3) how and when the plaintiff attempted to contact the lawyer; and (4) the lawyers' responses.

When considering the second prong, the Court "must examine the difficulty of litigating specific claims and the plaintiff's individual competence to litigate those claims without counsel." *Pennewell*, 923 F.3d at 490. The Court looks at "whether the difficulty of the case, factually, legally, and practically, exceeds the litigant's capacity as a layperson to coherently litigate the case." *Id.* This includes "all tasks that normally attend litigation," such as "evidence gathering, preparing and responding to court filings and motions, navigating discovery, and putting on a trial." *Id.* at 490-491. The Court "must consider the plaintiff's literacy, communication skills,

7

education level, litigation experience, intellectual capacity, psychological history, physical limitations and any other characteristics that may limit the plaintiff's ability to litigate the case." *Id.* at 491. In situations where the plaintiff files his motion in the early stages of the case, the Court may determine that it is "impossible to tell whether [the plaintiff] could represent himself adequately." *Pickett* 930 F.3d at 871.

Based on documents attached to Dickerson's second motion to appoint counsel, *see* Dkt. No. 10-2, the Court is satisfied that Dickerson has been effectively precluded from making reasonable attempts to recruit counsel on his own. But it is far too early in the case to tell whether the case is too complex for Dickerson to adequately represent himself. The complaint has not yet been served on the defendants, and they have not yet filed a responsive pleading. Until matters proceed, the Court is not in a position to determine whether the difficulty of the case exceeds Dickerson's capacity to present it. Further, Dickerson has shown sufficient competence in litigating this case so far. His complaint is clear and coherent. It describes what happened to him and the relief he seeks. Dickerson also showed some legal savvy in submitting relevant exhibits to support his motion to appoint counsel. At this point in the litigation, the Court does not have any concerns about his ability to communicate or present relevant information to the Court, so it will deny his motions to appoint counsel without prejudice.

But that said, even if Dickerson is capable of representing himself at this point in time, he cannot do so if he is not receiving the Court's mail. Therefore, Defendants are directed to file a written response, **within 21 days of this order**, explaining why Dickerson's legal mail is being confiscated and clarifying what steps will be taken in the future to ensure Dickerson gets his legal mail. If Dickerson continues to have problems with his legal mail, he should bring it to

Defendants' attention immediately, and if Defendants do not correct the issue, he should raise it with the Court.

## Conclusion

The Court finds that Dickerson may proceed on a First Amendment claim against CO Thomas, and a *Monell* and/or failure to train claim against Milwaukee County, in connection with confiscation of his legal mail at the Milwaukee County Jail.

**IT IS THEREFORE ORDERED** that Dickerson's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Milwaukee County Jail is **DISMISSED** from the case.

**IT IS FURTHER ORDERED** that Dickerson's motions to appoint counsel (Dkt. Nos. 5 & 10) are **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Defendants file a written response, **within 21 days of this order**, explaining why Dickerson's legal mail is being confiscated and clarifying what steps will be taken in the future to ensure Dickerson gets his legal mail.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this Court, copies of the complaint and this order are being electronically sent today to Milwaukee County for service on CO Thomas and Milwaukee County.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, CO Thomas and Milwaukee County shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Dickerson shall collect from his institution trust account the **$319.76** balance of the filing fee by collecting monthly

payments from Dickerson's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Dickerson is transferred to another institution, the transferring institution shall forward a copy of this Order along with Dickerson's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the Milwaukee County Sheriff and to Dennis Brand, 821 W. State Street, Room 224, Milwaukee, WI 53233.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Dickerson is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin this 3rd day of February, 2023.

s/Brett H. Ludwig
BRETT H. LUDWIG
United States District Judge