UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

TRAVIS DICKERSON,

        Plaintiff,

v.                                                Case Nos. 22-cv-1432-bhl
                                                     and
                                                    23-cv-599-bhl

MILWAUKEE COUNTY, et al.,

        Defendants.

## DECISION AND ORDER

      Plaintiff Travis Dickerson, who is representing himself, is proceeding on a First Amendment claim in connection with allegations that Correctional Officer Phillis Thomas, Captain Sarah Moore, and Clerical Specialist Laura Perez "randomly" confiscated his mail numerous times at the Milwaukee County Jail between March 2022 and December 2022; and Milwaukee County had a "policy or custom" of allowing it. Dkt. No. 37. The parties filed cross-motions for summary judgment. Dkt. No. 29 & 45. Because the undisputed facts show that Defendants confiscated Dickerson's mail pursuant to a valid state court order requiring that "all" of his U.S. mail privileges "be completely rescinded with the exception of any communications to his attorney," Defendants are entitled to summary judgment based on quasi-judicial immunity. Defendants' motion will therefore be granted, Dickerson's motion denied, and the consolidated cases dismissed.

## UNDISPUTED FACTS

      At the relevant time, Dickerson was incarcerated in the Milwaukee County Jail awaiting trial and sentencing on several felony charges in *State v. Dickerson*, Milwaukee County Case No.

16CF3972. Dkt. No. 45-3, ¶¶1. Defendants are Milwaukee County, CO Thomas, Capt. Moore, and Clerical Specialist Perez. *Id.*, ¶¶ 9, 12, & 14. CO Thomas was the individual responsible for moving outgoing and incoming mail between an inmate's mailbox and the mail-clerks' mailbox; Clerical Specialist Perez was responsible for inspecting then logging mail into the jail's computer system; and Capt. Moore was responsible for determining whether a particular piece of mail brought to her attention by jail staff (including CO Thomas and Clerical Specialist Perez) was subject to a circuit court order restricting mailing privileges. *Id.*, ¶¶9-16, 19, & 20.

Dickerson arrived at the jail on February 16, 2022. *Id.*, ¶1. The following day, at his bail hearing, Judge Stephanie G. Rothstein found that Dickerson was conspiring with out-of-custody individuals to fraudulently raise funds to post his bail for the purpose of fleeing the state and avoiding prosecution. *Id.*, ¶¶3-4. Accordingly, on February 18, 2022, Jude Rothstein entered a written court order stating in relevant part,

> "Accordingly, this Court **HEREBY ORDERS** that all of [Dickerson's] custody telephone, visitation, and U.S. Mail privileges, which [Dickerson] remains in custody during this prosecution **SHALL BE COMPLETELY RESCINDED**, with the exception of any communications to his attorney. This court **FURTHER ORDERS** that [Dickerson] is to be confined, while in custody under this prosecution, in a location where the Milwaukee County Sheriff can assure this Court that this order is followed and strictly adhered to and ensuring that [Dickerson] has absolutely no access to telephone, U.S. Mail, or visitation except for contact with his attorney or defense investigator."

*Id.*, ¶5. The order was sent to the jail immediately upon entry. *Id.*, ¶6.

Jail policy (as well as state and federal laws) require jail staff to follow court orders. *Id.*, ¶17. Thus, pursuant to the February 18 court order, Defendants intercepted all of Dickerson's outgoing and incoming mail except that from his public defender, Attorney Scott Anderson. *Id.*, ¶¶23-45. Defendants state that they intercepted Dickerson's mail to comply with the terms of a state court order, not for malicious purposes or any other reasons. *Id.*, ¶¶21-22. All interceptions

were noted in the jail's computer system with an explanation as to why the particular piece of mail was not immediately delivered to Dickerson. *Id.*, ¶18. Capt. Moore later permitted Dickerson to have certain pieces of mail—such as mail from this Court, the Clerk of Court, and the Sherriff's office—even though, technically, those pieces of mail were covered by the February 18 order because it was not a communication from his attorney. *Id.*, ¶¶26, 31, 42, 45. Only one piece of mail from Attorney Anderson—dated August 15, 2022—was improperly intercepted and not immediately delivered. *Id.*, ¶46. Throughout his incarceration at the jail, Dickerson and his criminal defense attorney complied with the terms of his bail without any issues; and they neither sought relief from the state court's order nor appealed the decision to the Wisconsin Court of Appeals. *Id.*, ¶¶7-8. When Dickerson later left the jail, he received all of the mail that was intercepted pursuant to the court order. *Id.*, ¶¶23-45.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); see *also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); Celotex *Corp. v. Catrett*, 477 U.S. 317, 324 (1986); Ames *v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 668 (7th Cir. 2011). "Material facts" are those under the applicable substantive law that "might affect the outcome of the suit." *Anderson*, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The party asserting that a fact is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

## ANALYSIS

Law enforcement officers who engage in non-discretionary function at the explicit direction of a judicial officer are entitled to quasi-judicial immunity. *Zoretic v. Darge*, 832 F.3d 639, 643–44 (7th Cir. 2016); *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1239 (7th Cir. 1986) (noting that law enforcement officials "who act in reliance on a facially valid court order are entitled to quasi-judicial immunity from suit under § 1983 for damages."). The rationale for this immunity is that "officials making quasi-judicial decisions should be free of the harassment and intimidation associated with litigation." *Richman v. Sheahan*, 270 F.3d 430, 435 (7th Cir. 2001). When the source of a plaintiff's alleged "wrong" is the judge's order itself, a suit against the officer enforcing the order is not appropriate. *See Henry,* 808 F.2d at 1238–39. Indeed, permitting such suits "would require sheriffs and other court officers who enforce properly entered judgments pursuant to facially valid court orders to act as appellate courts, reviewing the validity of both the enforcement orders and the underlying judgments before proceeding to [enforce the order]." *Id.* Thus, "[t]he proper procedure for a party who wishes to contest the legality of a court order enforcing a judgment is to appeal that order and the underlying judgment, not to sue the official responsible for its execution." *Id*.

The undisputed evidence shows that Dickerson's mail was confiscated pursuant to a facially valid state court order providing that all mail except that from his attorney shall be completely rescinded while he was at the jail. The terms of the state court order were clear and

4

unambiguous; Defendants applied them correctly while he was at the jail; and once the court order expired (upon his leaving the jail) he received the intercepted mail. Only one piece of mail from his attorney—dated August 15, 2022—was improperly intercepted. But a one-time failure to receive mail does not support a First Amendment claim. *See Rowe v. Shake*, 196 F.3d 778, 782 (7th Cir. 1999); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1431-32 (7th Cir. 1995). Defendants have therefore met their burden to show that they are entitled to summary judgment.

In response, Dickerson states that he disagrees with his attorneys' decision not to challenge or appeal the terms of his bail. Dkt. No. 47 at 1-2. He says that he wanted to appeal those terms and believes that he received "ineffective assistance of counsel" by his attorneys' failure to appeal the judge's order. *Id*. Dickerson's disagreement with his attorneys' decision does not invalidate a court order. Additionally, he cannot raise an ineffective assistance of counsel claim through a Section 1983 suit. *See Cannon v. Newport*, 850 F.3d 303, 306 (7th Cir. 2017). Dickerson also suggests that Defendants somehow converted a "non-discretionary" state court order into a "discretionary" one by delivering some pieces of mail—such as such as mail from this Court, the Clerk of Court, and the Sherriff's office—to him, even though those pieces of mail were not communications from his attorney, and thus also fell within the prohibition in the court's order. Dickerson cannot assert a constitutional claim based on an individual's improper use of discretion to give him *more* rights than he was entitled to under the court order. In other words, Dickerson was not injured by getting more mail than he was entitled to under the order. *See Jackson v. Pollion*, 733 F.3d 786, 790 (7th Cir. 2013) (noting that a Section 1983 claim requires an injury). Based on this record, Defendants are entitled to summary judgment. Therefore, the Court will grant their motion, deny Dickerson's motion, and will dismiss the consolidated cases.

5

## CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment (Dkt. No. 45) is **GRANTED**; Dickerson's motion for summary judgment (Dkt No. 29) is **DENIED**; and Dickerson's cases are **DISMISSED**. The Clerk's office shall enter judgment accordingly.

Dated at Milwaukee, Wisconsin on November 5, 2024.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.